[File No. 6624.]

L. R. BAIRD, as Receiver of the Williams County State Bank, Appellant, v. J. W. CHAMBERLAND and Morten Mortenson as County Auditor of Williams County, North Dakota, Defendants. MORTEN MORTENSON, as County Auditor of Williams County, North Dakota, Respondent.

(292 N. W. 219.)

Opinion filed May 13, 1940.

*Ivan V. Metzger,* for appellant.

*Eugene A. Burdick,* for respondent.

BURKE, J. The District Court of Williams county sustained a general demurrer to plaintiff's complaint. Plaintiff has appealed from

the order sustaining the demurrer. It is alleged in the complaint that the plaintiff is the owner of certain described real property situated in Williams county; that the defendant, Chamberland, is the owner of tax sale certificates issued by the County Auditor of Williams county on the 9th day of December, 1930, as evidence of the sale of such real property to the defendant Chamberland, for taxes assessed against said premises for the year 1929; that the defendant Chamberland did not institute proceedings to acquire a tax deed to said premises within six years after the date of the execution and issuance of said certificates of tax sale; that in December, 1938, the defendant Chamberland presented said tax sale certificates to the defendant Mortenson, as County Auditor of Williams county, and demanded that notice of the expiration of the period of redemption from said tax sales be given and that a tax deed to said premises be issued; that in December, 1938, said tax sale certificates were null and void and of no effect but that nevertheless the defendant Mortenson issued notices of the expiration of the period of redemption from said tax sales and now threatens to issue a tax deed to said premises to the defendant Chamberland; that plaintiff has no plain, speedy or adequate remedy at law, and that the issuance of a tax deed to said premises to the defendant Chamberland would do irreparable injury to the plaintiff. Plaintiff prayed that the defendants be perpetually enjoined from perfecting, or attempting to perfect, title to the premises described in the complaint, through proceedings under and by virtue of said tax sale certificates.

The question is whether the certificates of tax sale issued to the defendant Chamberland on December 9, 1930, were still valid in December, 1938. At the time these certificates were issued the law applicable was § 2199, Supplement to the 1913 Compiled Laws. It reads as follows: "The purchaser of any piece or parcel of land shall, if there be no redemption, be entitled to the possession, rents and profits at the expiration of three years from the date of the certificate, and if on demand of such purchaser to the party or parties in possession, such party or parties refuse or neglect to render such possession, such party or parties may be proceeded against as parties holding over after the determination of his or their estate, which proceedings may be instituted and prosecuted pursuant to the provisions of the law in such case made and provided; provided, however, that all rights of the purchaser and

his assigns to the possession, title or lien of any kind, of, to, or upon such piece or parcel of land, shall cease absolutely and be deemed forfeited and extinguished, and the auditor of the county wherein such premises are situated is hereby directed and required to cancel such lien from his records, unless the holder of such tax certificate shall produce to the county auditor of such county such certificate and demand of such auditor the giving of notice of expiration of period of redemption prior to the expiration of six years from and after the date of such certificate, or in case of sales heretofore made and where five or more years have already elapsed since the date of such certificate, then prior to the expiration of one year after the taking effect of this section."

In 1933, the Legislative Assembly, as a part of a program to cushion the shock of deflation, enacted chapter 258, Laws of North Dakota 1933. It provided: "That whereas a public emergency and crisis exists throughout this state endangering the public health, welfare and morals, in that agricultural crops and products have been sold on an average below the cost of production since 1922, and all agricultural land values have virtually disappeared, due to the nation wide depression, which caused under-consumption and produced starving millions throughout the nation; and whereas taxes have been steadily increasing in spite of the deplorable condition of agriculture, and

"Whereas agriculture is the principal industry in this state and all other industries are solely dependent for their existence upon agriculture; and whereas there is at present no bank or other institution through which one can borrow money with which to pay the taxes and such tax debtors are at the absolute mercy of the tax certificate holders; and whereas hundreds and thousands of families have already lost their homes through tax sales and tax deeds or other judicial proceedings; and whereas hundreds and thousands more will also lose their homes unless some relief is given, therefore in order to prevent the utter ruin and destruction of the people of this state and the collapse of civil government, and in order to maintain the integrity of the family and the home and the public health, welfare and morals of the people of this state, the period within which the holder of a tax certificate can ask

for a tax deed and within which the owner may redeem from tax sales is hereby extended for two years from the date of the passage and approval of this act. Provided, however, that this Act shall not be operative except in favor and on behalf of any owner of such land who shall, within ninety days after the date of the notice of expiration of period of redemption, file with the County Auditor a notice that he desires to take advantage of this Act and the County Auditor, in addition to the notice of expiration of period of redemption usually required by law and as part thereof, shall notify such owner of his rights under this act."

Two years later the Legislative Assembly continued the provisions of chapter 258, supra, by enacting chapter 280, Laws of North Dakota 1935. Omitting a lengthy preamble which is a statement of the legislative opinion that an economic emergency requiring the legislation existed, this statute in so far as it is applicable to the issue presented is as follows:

"Emergency declared to exist. In view of the situation hereinbefore set forth, the Legislature of the State of North Dakota hereby declares that a public economic emergency does exist in the State of North Dakota and that in order to prevent the utter ruin and destruction of the people of this state and the collapse of civil government and in order to maintain the integrity of the family, the home and the public health, welfare and morals of the people of this state, the period in which the holder of a tax certificate of sale can ask for and obtain a tax deed, either by county, state or private person or corporation, holder of tax sale certificate, and the time in which the owner of the property may redeem from such tax sales be and the same is hereby extended to the first day of July, A. D. 1937; and the provisions of this act shall be in full force and effect coincident with the expiration of the provisions of Chapter 258 of the Session of 1933. Provided, however, that this act shall not be operative, except in favor and on behalf of any owner of such land, who shall have, within 90 days, after the service of the notice of expiration of redemption, filed with the county auditor in the county in which the land is situated, a notice that he desires to take advantage of this act, and the county auditor, in addition to the notice

of expiration of period of redemption usually required by law,. and as part thereof shall notify such owner of his rights under this act.·

"Sec. 2. Extension of time in which to apply for tax deeds. The time in which the holder of a tax certificate of sale may present the same to the county auditor, with request for tax deed is hereby extended to a period of 10 years from and after the date of. such certificate, and such holder of such tax certificate of sale shall be entitled to collect interest thereon at the same rate of interest as provided in the tax sale certificate during the time of this extension."

Plaintiff asserts that the validity of defendant Chamberland's tax sale certificates must be determined according to the provisions of § 2199, supra. He contends that by applicable rules of statutory construction the 1933 and 1935 acts must be construed to be prospective in operation and that if such acts be construed to apply to tax sale certificates issued prior to their enactment, such construction would render the acts violative of the "contract clauses" and "due process clauses" of both the State and Federal Constitutions.

There is no need to invoke any rule of statutory construction as an aid to determine the legislative intent expressed in the 1933 and 1935 acts. The language of these acts is clear and unambiguous. The 1933 act declares that the period of redemption from tax sales "is hereby extended for two years from the date of the passage and approval of this act." It is apparent that this statute was intended to have retrospective application only, for the regular three year period of redemption provided by § 2199, supra, would, in so far as subsequent sales are concerned, extend beyond the time limit fixed by this statute. The 1935 act declared that "the time within which the owner of property may redeem from such tax sales be and the same is hereby extended to the first day of July 1937; and the provisions of this act shall be in full force and effect coincident with the expiration of the provisions of chapter 258 of the Session Laws of 1933." The act also extended the period within which tax sale certificates would remain valid from six years to ten years after the date of the certificate. It is retrospective in operation. It can only relate to tax sales held prior to the effective date of chapter 258, Laws of North Dakota 1933. The latter statute amended § 2199, supra. The amendment provided that the owner of a tax sale certificate might not commence proceedings to

obtain a tax deed until after the expiration of five years from the date of his certificate. Thus the period of redemption from tax sales held subsequent to 1933 would extend beyond July 1, 1937, and unless the 1935 act be given retroactive effect it would be wholly meaningless.

Defendant Chamberland's tax sale certificates were dated December 8, 1930. On March 12, 1935, the effective date of the 1935 act, they were valid certificates and by the terms of that act they would remain valid until December 9, 1940. The question of the validity or invalidity of these tax sale certificates therefore rests wholly upon the force of plaintiff's challenge to the statutes upon constitutional grounds.

The statutes were designedly enacted for the benefit of landowners whose property had been sold for taxes. In so far as this case is concerned, the effect of the statutes was to postpone the date upon which the defendant Chamberland might commence proceedings to obtain possession of and title to the premises described in his tax sale certificates from December 8, 1933, to July 1, 1937. As a corollary to this postponement the 1935 act also continued the validity of the certificates until after such time as Chamberland would, by statute, be permitted to proceed under them. Whatever constitutional objections Chamberland might have had to the statutes, he waived. He acquiesced in the postponement. Plaintiff however, having received the benefit of the statutes, by the grant of additional time within which to redeem, now urges that, under the law as it existed when the defendant Chamberland purchased the tax sale certificates, he "had the absolute right to have the tax sale certificates canceled and stricken from the records of the office of the County Auditor, unless the defendant secured a tax deed within six years from the date of the certificate." He asserts that this "right" was both a vested right and one secured by contract, and that "clearly the legislature cannot impair that right." As we view it, plaintiff is mistaken both as to the existence of a contract in which he has an interest and also as to the nature of his "right." A contract · does come into existence as a result of a tax sale, but that is a contract between the county and the purchaser. 26 R. C. L. p. 434; 12 C. J. 1002; Fisher v. Betts & Smith, 12 N. D. 197, 96 N. W. 132. The landowner who has failed to pay his taxes has no interest in that contract. The entire proceeding is a remedy for his delinquency. In so

far as he is concerned no element of consent enters into the transaction. He is merely an involuntary bystander. None of the essentials necessary to the formation of a contractual relationship are present. Muirhead v. Sands, 111 Mich. 487, 69 N. W. 826. Nor was the right which plaintiff asserts a vested right. The right to have the defendant Chamberland's tax sale certificate canceled at the expiration of six years from their date, if it was a right of the plaintiff at all, was, at the time of the enactment of the 1935 statute, a prospective contingent right and not one which had vested. At that time Chamberland's tax certificates were valid under the provisions of the law in effect when the sale was made and they would become invalid only upon the contingency that he would fail to commence proceedings to perfect his tax title within the time prescribed by law. A vested right "is something more than such a mere expectation as may be based upon an anticipated continuance of present general laws; it must have become title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another." Cooley, Constitutional Limitations, 748. "The right must be absolute, complete and unconditional, independent of any contingency." 16 C. J. S. 642, 643.

Since the right which plaintiff claims has been destroyed by the 1933 and 1935 statutes was neither one secured by contract nor a vested right, his objections to such statutes upon constitutional grounds are without merit. The demurrer to Plaintiff's complaint was properly sustained.

NUESSLE, Ch. J., and MORRIS, CHRISTIANSON, and BURR, JJ., concur.